**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3105 Coleman, LLC,

Plaintiff

v.

SMS Financial Strategic Investments, LLC,

Defendant

Case No.: 2:19-cv-00166-JAD-EJY

**Order Granting 3105 Coleman's Motion to Voluntarily Dismiss**

[ECF No. 27]

Plaintiff 3105 Coleman, LLC moves to voluntarily dismiss its complaint without prejudice under Federal Rule of Civil Procedure 41(a)(2). Defendant SMS Financial Strategic Investment, LLC opposes the motion, requesting that I either (1) dismiss the action with prejudice or (2) dismiss the action without prejudice, but award it $6,018.50 in attorneys' fees. I dismiss the action without prejudice because SMS has not shown why it should be dismissed with prejudice. And I decline to award SMS attorneys' fees without prejudice to its ability to re-urge the request in a proper form.

**Discussion**

3105 Coleman filed this suit in the Eighth Judicial District Court for Clark County.[1] SMS removed the case and moved to dismiss it.[2] I granted SMS's motion in part, leaving only 3105 Coleman's breach-of-contract claim.[3] 3105 Coleman now moves to dismiss that claim, arguing that it has been resolved by the "sale of the underlying real property."[4]

Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's

[1] ECF No. 1-1 at 4.

[2] ECF Nos. 1; 4.

[3] ECF Nos. 14; 26.

[4] ECF No. 27 at 2.

urging "upon such terms and conditions as the court deems proper."[5] "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[6] Federal district courts have broad discretion to impose terms and conditions on a voluntary dismissal, including making the dismissal a with-prejudice one[7] or requiring payment of attorneys' fees.[8] But "the plaintiff [has] the option to refuse the voluntary dismissal if the conditions imposed are too onerous."[9]

Although SMS nominally requests denial of 3105 Coleman's motion, SMS offers no argument that it will suffer "plain legal prejudice" as a result of the dismissal. Rather, SMS's two-page opposition asks that I dismiss with prejudice or with attorneys' fees.[10] I thus interpret SMS's conclusory opposition as requesting two conditions on dismissal, and I address each in turn.

SMS argues that dismissal with prejudice is appropriate for the reasons stated "in its original Motion to Dismiss and Opposition to Motion to Amend the Complaint."[11] But I denied SMS's motion to dismiss the original breach-of-contract claim, and SMS has not since presented new arguments to dismiss it.[12] I will not develop SMS's new arguments for it. Because SMS

---

[5] *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002).

[6] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[7] *See id.* at 976.

[8] *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

[9] *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986).

[10] *See* ECF No. 29 at 1 ("SMS is not opposed to the action being dismissed with prejudice"), and 2 ("SMS respectfully requests that the Court deny Plaintiff's Motion to Dismiss Without Prejudice unless it is also awarded the costs and fees").

[11] *Id.* at 1.

[12] In its opposition to 3105 Coleman's motion for leave to file an amended complaint, SMS argued against 3105 Coleman's *amended* breach-of-contract claim. ECF No. 22 at 4.

fails to identify "points and authorities" meriting a with-prejudice dismissal of the remaining claim, I will not dismiss it with prejudice.[13]

SMS argues that it should be awarded attorneys' fees "as the dismissal is a judgment in its favor" and the underlying deed of trust entitles SMS to attorneys' fees.[14] But it is "also willing to bring a separate motion for attorneys' fees and costs if preferred by the Court."[15] Because SMS does not explain, for example, the reasonableness of its fees or what authority other than the deed of trust supports an award of attorneys' fees, I deny its request to impose attorneys' fees as a condition of dismissal without prejudice to SMS's ability to re-urge it in a proper form.[16] And because I do not impose any conditions on the dismissal, I need not offer 3105 Coleman an opportunity to refuse them.

## Conclusion

**IT IS THEREFORE ORDERED** that 3105 Coleman's motion to voluntarily dismiss without prejudice **[ECF No. 27] is GRANTED.** The CLERK OF COURT is directed to CLOSE THIS CASE.

Dated: May 18, 2020

U.S. District Judge Jennifer A. Dorsey

---

[13] *See* L.R. 7-2(d).

[14] ECF No. 29 at 2.

[15] *Id.* at n.2

[16] *See* L.R. 54.